IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 5:11-0021 |
| vs. ) | |
| ) | |
| Rigoberto Gonzalez-Gutierrez, ) | **ORDER AND OPINION** |
| ) | |
| Defendant. ) | |
| ) | |

On July 27, 2011, Defendant Rigoberto Gonzalez-Gutierrez pleaded guilty to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (Count 1); and possession of firearms in furtherance of drug trafficking crimes, in violation of 18 U.S.C. §§ 924(c) and 2 (Count 4). A presentence report was prepared that attributed to Defendant 1,179.5 kilograms of cocaine and 21.1 grams of marijuana, for a marijuana equivalent of 235,900.02 kilograms (1,179.5 kg x 200 g = 235,900 kg + .0211 kg = 235,900 kg of marijuana equivalent). Defendant had a criminal history score of 0, for a criminal history category of I. His base offense level was 38. He received a 3-point reduction for acceptance of responsibility, for a total offense level of 35. Defendant's statutory mandatory sentence was 10 years to life in prison on Count 1 and 5 years consecutive to any other term of imprisonment for Count 4. His sentencing guidelines range was 168 to 210 months imprisonment as to Count 1.

On January 31, 2013, Defendant was sentenced to the custody of the Bureau of Prisons for 228 months, consisting of 168 months as to Count 1 and 60 months as to Count 4, to run consecutively, to be followed by a term of supervised release as to each of Count1 and 4, to run concurrently. Defendant's projected release date is March 2, 2027.

This matter is before the court on Defendant's motion for reduction of sentence pursuant to

18 U.S.C. § 3582(c)(2) to Amendment 782.  The government filed a response in opposition on August 24, 2020.

Defendant contends that he was sentenced without the application of the 2014 retroactive Sentencing Guidelines amendment.  Defendant contends that, if sentenced today, his applicable guidelines range would be 97-121 months.  The court disagrees.  Amendment 782:

> reduce[d] by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties, resulting in corresponding guideline ranges that include the mandatory minimum penalties. Accordingly, offenses involving drug quantities that trigger a five-year statutory minimum are assigned a base offense level of 24 (51 to 63 months at Criminal History Category I, which includes the five-year (60 month) statutory minimum for such offenses), and offenses involving drug quantities that trigger a ten-year statutory minimum are assigned a base offense level of 30 (97 to 121 months at Criminal History Category I, which includes the ten-year (120 month) statutory minimum for such offenses).  Offense levels for quantities above and below the mandatory minimum threshold quantities similarly are adjusted downward by two levels, except that the minimum base offense level of 6 and the maximum base offense level of 38 for most drug types is retained, as are previously existing minimum and maximum base offense levels for particular drug types.

U.S.S.G. Amendment 782, Reason for Amendment. See https://www.ussc.gov/guidelines/amendments, "Reader-Friendly Version of Amendments Submitted to Congress April 30, 2014 (effective November 1, 2014) (accessed August 4, 2021).

In other words, Defendant's 235,900.02 kilograms of marijuana equivalent remains at base offense level 38.  Amendment 782 did not change Defendant's guidelines range.

It further appears Defendant could be seeking a reduction pursuant to the First Step Act of 2018, Pub. L. No. 115-015.  Section 404 of the First Step Act permits "a court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed."  A "covered offense" under the First Step Act is a change to the statutory penalties for a defendant's statute of conviction, not a change to a defendant's particular sentencing

range as a result of the Fair Sentencing Act's modifications.  <u>United States v. Woodson</u>, 962 F.3d 812, 816 (4th Cir. 2020) (citing <u>United States v. Wirsing</u>, 943 F.3d 175, 185-86 (4th Cir. 2019)). Defendant was not convicted of a covered offense, because, as the government points out, the Fair Sentencing Act reduced the penalties for convictions involving cocaine base by increasing the threshold drug quantities required to trigger the mandatory minimum sentences under 21 U.S.C. § 841(b)(1)(A) and (B).  Defendant pleaded guilty conspiracy to possess with intent to distribute powder cocaine.  Defendant's statutory minimum sentence was not impacted by changes in § 841(b)(1) made pursuant to the Fair Sentencing Act.

Defendant's motion for a reduction of sentence (ECF No. 408) is **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

August 23, 2021

3